### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **IN RE:** ) | **CHAPTER 7** |
| **REGAN DWAYNE REEDY and** ) | |
| **SUSAN ANNETTE REEDY,** ) | **Case No. 14-71616** |
| Debtors. ) | |
| _____) _____ | |
| ) | |
| **REGAN DWAYNE REEDY et al.,** ) | |
| Plaintiffs, ) | |
| v. ) | **Adversary Proceeding No. 14-07053** |
| ) | |
| **BARACK OBAMA et al.,** ) | |
| Defendants. ) | |

## MEMORANDUM DECISION

On December 11, 2014, Plaintiff Regan Dwayne Reedy filed a *pro se* Complaint with this Court on behalf of several other Plaintiffs, against several federal and state government officials, including President Barack Obama and Vice-President Joe Biden.  Compl. at 1-3 (Dkt. #1).

Although it is unclear what exactly the Plaintiffs are seeking in their 83-page Complaint, the Plaintiffs appear to request that the Respondents return, restore, redeem, and compensate the Plaintiffs for "all paramount and equitable property" which has been taken from the Plaintiffs "by those acting as for and on behalf of the Respondents" in "[b]reach[], [v]iolation[] [or by d]eceptive [a]cts against: International Treaty(s) Law, Natural Law, Laws of Nature, Rule of Law, Moral Law, Scriptural Law, Laws of the United States of America (Declaration of Independence), Fidelity of Trust, Clean Hands, Fair Equity, Lieber Code and Laws of Nations." *Id.* at 7.  The Complaint alleges that the Respondents are holding the Complainant's "current and future interests in abeyance . . . and without relief, remedy or compensation for the [Complainant's] Paramount Property." *Id.* at 8-9.  The Paramount Property refers to the "living

consciousness, physical and spiritual energy (labor) of the complainants {is the energy of a man gifted by the Divine}," which is "the most valuable asset, possession, commodity and property on planet earth." *Id.* at 22.

It appears that Plaintiff Regan Dwayne Reedy previously filed a substantially similar complaint in the United States District Court for the District of Columbia. *See Reedy v. Obama*, No. 14-2215 (ABJ), 2015 WL 120160 (D.D.C. Jan. 7, 2015). As he is here, Reedy was identified in the District of Columbia case as the "living Aboriginal being," identified as ℐ9Sh ℐ9Th. That case was dismissed *sua sponte* by Judge Jackson pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. *Id.* at *2 (finding that the court lacked subject matter jurisdiction because the complaint was "'patently insubstantial,' presenting no federal question suitable for decision" (citing *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994))).

Likewise, this Court also finds that it lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3); accordingly, this Court will dismiss this adversary proceeding. "28 U.S.C. § 1334 demarcates the parameters of federal bankruptcy jurisdiction." *Threshold Entm't, Inc. v. Midway Games Inc. (In re Midway Games, Inc.)*, 446 B.R. 148, 151 (Bankr. D. Del. 2011). "Bankruptcy court jurisdiction potentially extends to four types of title 11 matters: (1) cases under title 11, (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." *Id.* (quoting *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 162 (3d Cir. 2004)).

Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P.

12(h)(3).[1]  "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (citing *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942)).  Furthermore, "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).  "[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Id.* (citation omitted); *see also Lovern*, 190 F.3d at 654 ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.").

A federal court does not have subject matter jurisdiction over a claim "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (internal citations omitted).  A question "may be plainly unsubstantial, either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." *Id.* at 537 (citations omitted) (internal quotation marks omitted).

In addition, although *pro se* litigants are generally held to a less stringent standard than attorneys, "[p]rinciples requiring generous construction of *pro se* pleadings are also not without limits. . . . A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements."

---

[1] Bankruptcy Rule 7012(b) provides that Fed. R. Civ. P. 12(b)-(i) applies in adversary proceedings.

*Jefferson v. Lane*, No. 7:11-cv-00165, 2011 WL 1457312, at *2 (W.D. Va. Apr. 14, 2011). As stated in *Reedy*, "[i]nsofar as the 78-page complaint is even intelligible, it lacks a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Reedy*, 2015 WL 120160, at *2 (citing Fed. R. Civ. P. 8(a)(2)).[2] This Court similarly finds that the Plaintiffs' allegations in the Complaint present "no federal question suitable for decision" in the exercise of the limited jurisdiction conferred upon it. *See id.* (citing *Best*, 39 F.3d at 330).

Accordingly, this adversary proceeding, including all pending motions, will be dismissed pursuant to Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. An order to such effect shall be entered contemporaneously herewith.

The Clerk is directed to send copies of this Memorandum Decision to the Plaintiffs, the Defendants, counsel for the Defendants, the Chapter 7 Trustee, and the United States Trustee.

ENTER this 5th day of February, 2015.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[2] Although the date of filing does not match up, Reedy appears to make repeated references to the District of Columbia complaint in a recurring footnote in the Complaint in this case.

4